JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA
CHERYL L. ADAMS Trial Attorney (CSBN 208244)
Office of the Solicitor
San Francisco, CA 94103
United States Department of Labor
90 7th St. Suite 3-700
Direct: (415) 625-7759
Facsimile: (415) 625-7772
Email: Adams.Cheryl.L@dol.gov

Attorneys for Plaintiff Secretary of Labor

**FILED**
CLERK, U.S. DISTRICT COURT

May 3, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

NOT JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **R. ALEXANDER ACOSTA,**<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                                   Plaintiff,<br>v.<br><br>**RK APPAREL INC.,** a California<br>corporation, **JESSIE LEE**, an individual,<br>and **HDK AVENUE, INC.,** a California<br>Corporation,<br>                                   Defendants. | **Case No. 2:18-cv-02025-SJO-(MRWx)**<br><br>**AMENDED CONSENT JUDGMENT**<br>**AS TO DEFENDANTS**<br>**RK APPAREL, INC. AND**<br>**JESSIE LEE** |

        Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants RK Apparel, Inc. and Jessie Lee, ("Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

**Amended Consent Judgment**                                                    **Page 1 of 21**

A. The Secretary filed a Complaint alleging that the Defendants violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) (the "hot goods" provision) of the Fair Labor Standards Act of 1938, as amended ("FLSA") .

B. Defendants appear by counsel, acknowledge receipt of a copy of the Secretary's Amended Complaint and waive answer and any defenses to the Secretary's Amended Complaint.

C. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment.

D. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

## FACTUAL BACKGROUND

F. Defendant RK Apparel, Inc. ("RK") is a garment manufacturer who sells women's apparel to clothing retailers. Defendant RK contracts with the retailer to supply a specified number of garments, in a specified fabric and design, by a specified date and for a specified amount. Defendant RK does not actually sew or fabricate the garment itself – instead, it subcontracts out the work to foreign or domestic factories. The domestic garment factories, i.e., "garment contractors," are located primarily in southern California. In the cases set forth below, Defendant RK contracted with HDK Avenue, Inc., a domestic garment sewing contractor, to sew and finish the garment. Defendant RK supplied the contractor with fabric that was pre-cut for the number of pieces in the order, design specifications and a completion date. The finished garments are shipped to Defendant RK or Defendant RK's retail customers, for sale in commerce.

G. Defendant Jessie Lee is the owner of Defendant RK and corporate president. She is the managing agent of Defendant RK and responsible for all production made by the Firm.

H. Under the FLSA's "Hot Goods" provision, 29 U.S.C. § 215(a)(1), all persons are prohibited from introducing into commerce goods that have been worked on by employees who were not paid the wages required under the FLSA.

I.     Defendants admit that they agreed to voluntarily restrain from shipping any goods worked on by employees of HDK Avenue after they were notified by representatives of the Department of Labor on February 26, 2018, that the workers of HDK were not paid the wages required by the FLSA when they worked on RK's garments.

J.     Defendants admit that on February 27, 2018 Defendants shipped 41 cartons of clothing previously identified as hot goods to one of its retailers.

K.     Defendants admit that on March 2, 2018, Defendants shipped 36 cartons of clothing previously identified as hot goods to one of its retailers.

L.     Defendants admit that also on March 2, 2018, Defendants shipped 5 cartons of clothing that were previously identified as hot goods to one of its retailers.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, its officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of FLSA Section 15(a)(1), 29 U.S.C. § 215(a)(1) in any of the following manners:

1.     Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendants or other(s)) has been employed in violation of the FLSA's minimum wage provisions (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207).

2.     Defendants shall not fail to disgorge from the gross proceeds of their having sold or shipped in commerce hot goods an amount sufficient to cover the back wages due under the FLSA to the employees of HDK Avenue.  The amount hereby found due to these employees is $234,168.88, of which amount Defendants have agreed to pay $168,000.  Defendants have already deposited $40,000 with the DOL.   The remaining

amount due will be paid in equal monthly installments, as set forth in the attached Exhibit A, beginning on May 1, 2018.

The Secretary shall distribute the funds to the employees of HDK Avenue.   Any funds which are not so paid within three years because of inability to locate the proper persons or their refusal to accept it shall be deposited into the U.S. Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(C);

3.   Within 60 days of the entry of this Judgment, Defendants shall hire an independent third party monitor, acceptable to the Secretary, to monitor all of its domestic garment contractors (hereafter "contractor(s)") to enforce the contractors' compliance with the FLSA.   Defendants shall not enter into any work with any garment contractor until that contractor has been monitored and found to be substantially in compliance with the FLSA.   The monitor shall not be considered independent if it represents either the manufacturer or contractor involved in this action in any dealings with other parties or the Department of Labor.

The monitoring program shall include the following components:

a.   Random and unannounced site visits to each contractor, at least on a quarterly basis and prior to working with the contractor for the first time;

b.   Review of the contractor's timecards and payroll records;

c.   Private and confidential interviews of at least 20% of each contractor's current employees to determine the hours they work and the wages they are paid. The names of the employees who are interviewed shall not be disclosed to the contractor.  At least one half of the interviews shall be done off work premises;

d.   Disclosure to the contractor and Defendants of any FLSA compliance issues revealed by the monitoring without revealing the names of employees who provided the information;

e.   Review of the contractor's garment registration to determine if the contractor is operating under a valid garment registration;

f.   The monitor shall obtain full and complete copies of each contractor's

time and payroll records on at least a monthly basis or as often as necessary to obtain complete records and supply copies of these records to the Defendants with the quarterly report as referenced below. The monitor shall also provide copies of these records to representatives of the Secretary upon their request;

  g. No adverse action may be taken against any employee who cooperates with the monitor or who provides information about violations of the FLSA.

The monitor shall produce written reports of its findings which must address each of the subjects required under this paragraph and produce them to Defendants on a quarterly basis. Defendants shall maintain these reports for a period of three years and supply copies to representatives of the Secretary of Labor upon their request.

  4. Defendants shall produce copies of these monitoring reports to all of its domestic retailers within ten calendar days of their receipt. Defendants shall also maintain a record of their submission of these monitoring reports to their retailers, and produce this record to representatives of the Secretary of Labor upon their request.

  5. Where the monitor identifies FLSA wage violations at a contractor's establishment, Defendants shall ensure that the violations are corrected and the employees receive their proper pay in the next regularly scheduled payroll. Defendants have thirty business days after learning of the violation to correct any other FLSA violations, i.e. recordkeeping violations, discovered at a contractor's establishment. Defendants shall notify the Department of Labor when such violations are found and the corrective measures taken. Defendants shall send a letter to the District Director, Wage and Hour Division, 915 Wilshire Boulevard, Suite 960, LA, CA 90017, or by email to bui.kimchi@dol.gov identifying the violations, the backwages that were paid and with copies of the documentation showing the payments made to employees at the time payment was made. This letter should be sent as soon as possible after the violation has been corrected, but in no event shall it be sent later than 10 business days after making the correction.

  6. Defendants shall not enter into any agreement with any contractor or pro-

vide any work to that contractor until that contractor has been monitored and Defendants have grounds for believing that the contractor is and will continue to pay its employees in compliance with the FLSA. Defendants must document their basis for their belief of the contractor's future compliance prior to providing any work to the contractor. Further, Defendants shall not contract with or provide work to any contractor who was not monitored in at least the prior quarter.

7. To ensure that their garment contractors pay employees the wage rates required by the FLSA, Defendants shall establish a code of conduct for its garment contractors requiring FLSA compliance. Defendants shall produce a copy of their proposed code of conduct to the Wage and Hour Division within sixty days of execution of this Consent Judgment. Upon its approval by the DOL, Defendants shall distribute to all of its current contractors, provide to all new contractors, post copies in their own facility, post copies on all social media sites, including their web site and facebook page. This code of conduct shall be maintained in English, Spanish and Korean.

The Code of Conduct shall set forth at least the following:

a. All contractors must comply with the Fair Labor Standards Act and state wage provisions. This means that all contractors must pay their employees at least the required minimum wage rate and an overtime rate of time and one half the employee's regular rate for all hours worked over 40 in a workweek.

b. All contractors must provide a safe work environment, in compliance with applicable health and safety codes.

c. All contractors must maintain a time keeping system that accurately records the hours worked by their employees.

d. Employees must clock in their start time and end time each day. Employees must record their own hours. The contractor is strictly forbidden from clocking in for employees.

e. Employees may be paid on a piece rate basis, but if they are paid in this manner, the contractor must review the employee's wages weekly to ensure that the employ-

ee is being paid the minimum wage required by the FLSA for the employee's hours worked.  If the piece rate earnings do not equal the minimum wage for 40 hours, the contractor must make up the difference.

f.  All employees who work in excess of 40 hours per week are entitled to be paid an overtime rate of time and one half their regular rate for the hours over 40.  To pay overtime, the contractor must add up the employee's weekly earnings and divide that number by the number of hours worked to get the employee's regular rate.  The contractor must pay the employee one half of the employee's regular rate for the hours over 40, in addition to the piece rate earnings.     The attached Exhibit B contains examples of minimum wage and overtime calculations;

g.  The contractor must maintain a record of the employee hours worked and the amounts paid.  The contractor must provide copies of these records to the Defendants, through its monitor or directly to Defendants, on at least a monthly basis.

h.  The contractor must inform Defendants immediately whenever the contractor is unable to meet any requirement of the FLSA;

i.  The contractor's obligation to cooperate with the monitor.

Defendants shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request;

8.     Defendants shall notify their garment contractors that they shall not conduct business with any contractor who is unwilling or unable to comply with the FLSA, the code of conduct and the terms of this Judgment, or who takes any adverse action or retaliates against any employee for cooperating with the monitor or reporting violations of the FLSA;

9.     Defendants shall require all garment contractors with whom they do business to maintain true and accurate time and payroll records and produce copies of them to the Defendants' monitor on a regular basis as follows:

a.  The contractors must maintain true and accurate time and payroll records that include all of the employees who perform work for it, regardless of whether

they are paid in cash or by check;

b. All garment contractors who pay their employees on a piece rate basis must maintain the piece tickets on which the employees' pay is based for a period of two years;

c. All garment contractors must maintain at least two years worth of all time and payroll records, including supporting documentation, on the premises of the contractors' establishments. Supporting documentation includes, for employees paid on a piece rate basis, the piece tickets on which the employee pay is based, and cash pay records for employees paid in cash;

d. Defendants shall obtain written confirmation from all of its garment contractors that they are maintaining the time and payroll records required by this paragraph at their establishment and shall produce these records to representatives of the Department of Labor upon their request;

e. Defendants shall require all garment contractors with whom it does business to submit a copy of these records to the monitor no later than one month after the period worked as reflected on the records; i.e., the contractor must submit the records for workweek ending 01/01/2018 no later than 02/01/2018.

10. Defendants must produce a list of its garment contractors on a quarterly basis to the DOL.

11. For all orders that require domestic production, Defendants must notify its retailer for whom the order is intended, that the garments will be made domestically and that Defendants will be required to pay its domestic contractor a higher rate than if the goods were to be produced outside of the United States.

a. For all domestic production, Defendants shall conduct time studies and pricing analyses to determine if the rates paid to the contractor are sufficient for FLSA compliance. Defendants shall provide a copy of the time study and pricing report to the domestic retailer for whom the goods are intended for each and every purchase order that is worked with domestic contractors. If the unit price is not high enough, Defendants must

document process of renegotiation with the retailer and document the retailer's response to the report.

b. When domestic retailers fail to pay a sufficient price for the goods to meet minimum wage and overtime requirements, Defendants will notify the DOL.

c. Prior to beginning work with a garment contractor, Defendants will notify DOL of the contractor's name and the anticipated dates of production as well as the deadlines for delivery to the retailer.

12. Defendants' quality control representative shall keep a record of every visit made to the domestic contractors. The QC representative must ask for and make a copy of the time cards and compare the number of workers in the shop to the time cards at least one each week.

13. To assess the contractor's compliance with the FLSA, Defendants shall review the contractor's time and payroll records at reasonable intervals in light of the production requirements of the goods that the contractor is producing for Defendants. Defendants shall conduct this analysis as frequently as necessary to ensure the contractor's compliance with the FLSA, shall document this analysis when it is done, maintain records of this analysis for two years and provide copies of it to representatives of the Secretary of Labor upon their request. Further, Defendants shall maintain copies of the contractor's time and payroll records for a period of three years. These records may be maintained in the monitor's office, but the Defendants is required to assure itself that the monitor is maintaining the records as required by this Judgment. Defendants shall produce these records to representatives of the Secretary of Labor upon their request;

14. Defendants shall require all contractors with whom it does business, who are subject to the garment registration requirements of the State of California, to maintain a valid garment registration. Defendants shall not do business with any garment contractor without a valid registration;

15. Defendants shall maintain for a period of three years copies of all production records related to their sewing contractors and supply copies of these records to rep-

resentatives of the Secretary of Labor upon their request;

16.    Defendants shall maintain records of all shipments made to retailers for at least three years from the date the shipment was made and supply copies of these records to representatives of the Secretary of Labor upon their request;

17.    Defendants shall supply all of its contractors with copies of the attached Exhibit B regarding overtime calculations and Exhibit C which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English, Spanish and Korean versions are attached.   Defendants shall ensure that its contractors distribute a copy of Exhibits B and C to each of their current employees within 30 days of entry of this Judgment, in the employees' native languages, provide copies to all new hires, and post a copy at each of its contractor's establishments;

18.    Defendants shall advise the Wage and Hour Division of any change in its name;

and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the original Judgment herein; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Amended Consent Judgment.

Dated: May 3, 2018.

_____

U.S. DISTRICT COURT JUDGE

For the Defendant RK Apparel, Inc.:

The Defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

By: _____     _____
      Jessie Lee                                Date

Its:    President


For Defendant Jessie Lee:

The Defendant hereby appears, waives any Defense herein, consents to the entry of this Judgment and waives notice by the Clerk of Court:

By: _____     _____
      Jessie Lee                                Date

Attorneys for Defendants


_____     _____
HAEWON KIM                                Date

Law Offices of Haewon Kim
3580 Wilshire Blvd., Suite 1275
Los Angeles, CA  90010
Tel: (213) 387-1386
Fax: (213) 387-1836
haewonkimlaw@gmail.com

For the Plaintiff:

M. KATE O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Counsel for FLSA

_____
CHERYL L. ADAMS, Attorney                    Date: April 18, 2018
Attorneys for the Plaintiff,
Secretary of Labor, U.S. Department of Labor

<u>Exhibit A</u>

Installment payment plan:

| Date due | Amount Due |
|---|---|
| March 23, 2018 | $40,000 (Paid) |
| May 1, 2018 | $25,600 |
| June 1, 2108 | $25,600 |
| July 1, 2018 | $25,600 |
| August 1, 2018 | $25,600 |
| September 1, 2018 | $25,600 |

Computing minimum wage and overtime on piecework:

**Example 1:**

Employee A produced $200 in piecework and worked 40 hours

$200 / 40 hours = $5.00 per hour

Difference = $11.00 (Calif. Minimum Wage) - $5.00 = $6.00 per hour (underpaid)

*$6.00 per hour x 40 hours = $240.00 minimum wage due*

---

**Example 2:**

Employee B produced $550.00 in piecework and worked 50 hours

$550/ 50 hours = $11.000 per hour

$11.00 per hour x 0.5 (half time) = $5.50 per hour due for OT hours

*$5.50 x 10 hours = $55.00 in overtime premium due*

---

**Example 3:**

Employee C produced $365.00 in piecework and worked 50 hours

$365 / 50 hours = $7.30 per hour

Difference in Reg. Rate = $11.00 (State minimum wage) - $7.30 = $3.70 per hour

$3.70 x 50 hours = $185.00 in regular rate due

$11.00 x 0.5 (half time) x 10 hours of OT = $55.00 in overtime premium due

**Total Due: $185.00 in regular rate and $55.00 in overtime premium - $240.00**

Footnote:   The employer must use either the state minimum wage, or the minimum wage applicable to the locality where the work is performed as the regular rate, whichever is higher.   For example, the California minimum wage is currently at $11.00 while Los Angeles County's is $12.00, the employer must use the $12.00 rate as the regular rate.

**Como computar el sueldo mínimo y el tiempo y medio (overtime) para los trabaja-dores que ganan por pieza.**

**Ejemplo No. 1:**

El empleado <u>A</u> hizo $200.00 en trabajo de piezas y trabajo 40 horas.

- $200.00 / 40 horas = $5.00 por hora
- La diferencia es: $11.00 (sueldo mínimo por hora en California) - $5.00 = $6.00 por hora. $6.00 por hora es lo que se le debe a esta persona.

**Total: $6.00 por hora x 40 horas = $240.00 que se le debe al empleado por sueldo mínimo.**

**Ejemplo No. 2:**

El empleado <u>B</u> hizo $550.00 en trabajo de piezas y trabajo 50 horas.

- $550.00 / 50 horas = $11.00 por hora
- $11.00 por hora **x** 0.5 (la mitad) = $5.50 que se debe por hora por cada hora de tiempo extra (overtime).
- **Total: $5.50 por hora x 10 horas = $55.00 que se le debe al empleado por tiempo extra (overtime).**

**Ejemplo No. 3:**

El empleado <u>C</u> hizo $365.00 en trabajo de piezas y trabajo 50 horas.

- $365.00 / 50 horas = $7.30 por hora
- La diferencia en Salario Regular es: $11.00 (sueldo mínimo por hora en Califor-nia) - $7.30 = $3.70 que se le debe al empleado por cada hora $3.70 x 50 horas = $185.00 es lo que se debe en Salario Regular.
- $11.00 por hora **x** 0.5 (la mitad) **x** 10 horas extras (overtime) = $55.00 que se le debe al empleado por tiempo extra (overtime).
- **Total: $185.00 en Salario Regular y $55.00 por tiempo extra (overtime) = $240.00.**

Note: El empleador debe usar el sueldo minimo estatal, o el salario minimo applicable a la localidad donde se realiza el trabajo como el salario regular, el que sea mas alto. Por ejemplo, el sueldo minimo de California es $11.00 por hora, ye del Condado de Los Angeles es $12.00 por hora, el empleador debe usar el sueldo de $12.00 por hora para el salario regular.

증거서류 B

작업량에 따라 최소임금과 오버타임을 계산하는 방법은 다음과 같습니다.

**예시1:**

직원A는 40시간을 일하여 $ 200 만큼의 작업량을 달성했습니다.

　　　$ 200 을 40시간으로 나누면, 200 / 40 = 시간당 $ 5이 됩니다.

　　　$ 11.00 (캘리포니아 주 시간당 최소임금) - $ 5.00 = 시간당 $6.00 만큼 임금을 받지 못한 것입니다.

**따라서 시간당 임금차이 $ 6.00 *x* 40 시간 = $ 240 의 미지불임금을 받을 수 있습니다.**

**예시 2:**

직원 B는 50시간을 일하여 $ 550 만큼의 작업량을 달성했습니다.

　　　$ 550 을 50시간으로 나누면 $550/50 = 시간당 $11,.000 이 됩니다.

　　　초과수당 시급은 시간당 $ 11.00 *x* 0.5 (해프타임) = 시간당 $ 5.50 입니다.

**따라서 오버타임 임금으로 $ 5.50 *x* 10 시간 = $ 55.00 을 지급 받을 수 있습니다.**

**예시 3:**

직원 C는 50시간을 일하여 $ 365 만큼의 작업량을 달성했습니다.

　　　$ 365 을 50시간으로 나누면 365 / 50 = 시간당 $ 7.30 이 됩니다.

정규 시급 차이는 $ 11.00 (캘리포니아 주 시간당 최소임금) - $ 7.30 = 시간당 $ 3.70 입니다.

$ 3.70 x 50 시간 = $185.00 의 정규 임금이 더 지불되어야 합니다.

$ 11.00 x 0.5 (해프타임) *x* 오버타임 10시간 = $ 55.00 의 오버타임 임금이 지불되어야 합니다 .

**따라서 $ 185.00의 정규 임금과 $ 55.00의 오버타임 임금을 합쳐 총액 $ 240.00의 미지불임금을 받을 수 있습니다.**

Footnote: 고용주는 해당 작업이 수행되는 지역에 적용되는 최저 임금과 주 최저 임금 중에서 더 높은 쪽을 사용해야 한다. 지방 자치당국이 주 보다 높은 최저 임금을 받는 경우, 즉 캘리포니아 주의 최저 임금은 현재 $11.00달러이고, 로스 앤젤레스 카운티는 $12.00달러인 경우, 고용주는 정규 임금으로 $12달러 로 사용해야 한다.

Exhibit C
## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **RK Apparel, Inc.**, a garment manufacturer, from shipping goods sewn for its label on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.

All employees who work in this establishment should report violations of minimum wage and overtime to the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375. Your name will not be disclosed.

**NOTICIA LEGAL A TODOS LOS EMPLEADOS**

La Ley de **Norma Justas de Trabajo** determina que se les debe pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen. A la vez, también estipula que cada empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada. Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague prima sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **RK Apparel, Inc.**, una fábrica de ropa, de enviar la producción de etiquetas a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la **Ley de Norma Justas de Trabajo**.

Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llama al Departamento del Trabajo de los Estados Unidos, División de Horas y Salarios al (213) 894-6375. Su nombre se mantendrá confidencial.

# 모든 직원에게 법적 공지문

미연방의 공정 근로 기준법은 모든 직원들이 노동 시간에 따라 최소 임금을 받을 수있도록 규정하고 있습니다.

그리고 또한, 일주일에 40 시간 이상 근무하였을때 초과 시간에 1.5 배의 오버타임 (초과 근무 수당) 임금을 지급하게 규정하고 있습니다.

모든 직원은 40 시간 초과 근무했을 때, 시간제 임금을 받거나 생산 성과에 따라 임금을 받는것에 상관없이 초과 근무 수당을 지급받을 수 있습니다.

노동청이 제소한 소송을 해결하기 위해 미 연방 지역 법원은 공정 근로 기준법에 의해 의무화된 최소 임금이나 초과 근무 수당을 직원에게 지불하지 않은 물품을 의류 제조 업체인 **RK Apparel, Inc.** 가 발송하지 못하게 명령하였습니다.

아니면, 미연방 노동청, 임금과 시간 부처로 (213) 894-6375 전화 하십시오.

당신의 이름은 비밀로 보장됩니다.