JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA
CHERYL L. ADAMS Trial Attorney (CSBN 208244)
Office of the Solicitor
San Francisco, CA 94103
United States Department of Labor
90 7th St. Suite 3-700
Direct: (415) 625-7759
Facsimile: (415) 625-7772
Email: Adams.Cheryl.L@dol.gov

Attorneys for Plaintiff Secretary of Labor

JS-6

**FILED**
CLERK, U.S. DISTRICT COURT
May 8, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **R. ALEXANDER ACOSTA,** Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **RK APPAREL INC.,** a California corporation, **JESSIE LEE**, an individual, and **HDK AVENUE, INC.**, a California Corporation, <br><br> Defendants. | Case No. 2:18-cv-02025-SJO-(MRWx) <br><br> **CONSENT JUDGMENT AS TO DEFENDANT HDK AVENUE, INC.** |

Plaintiff Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendant HDK Avenue, Inc. ("Defendant"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Con-

**CONSENT JUDGMENT** Page 1 of 17

sent Judgment in accordance herewith:

  A. The Secretary filed an Amended Complaint alleging that the Defendant violated provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(1), 215(a)(2), and 215(a)(5).

  B. Defendant appears by counsel, acknowledges receipt of a copy of the Secretary's Amended Complaint and waives answer and any defenses to the Secretary's Amended Complaint.

  C. The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment.

  D. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

  ORDERED, ADJUDGED, AND DECREED that Defendant HDK Avenue, Inc. its officers, agents, servants, and employees and those persons in active concert or participation with it who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(1), 215(a)(2), and 215(a)(5), in any of the following manners:

  1. Defendant shall not, contrary to FLSA § 6, 29 U.S.C. § 206, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, at wage rates less than $7.25 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

  2. Defendant shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for a workweek longer than 40 hours unless the employee is paid at a rate of time and one half the employee's regular

rate for all hours worked in excess of 40 hours in a workweek.

3. Defendant shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee has been employed in violation of FLSA §§ 6 and/or 7, 29 U.S.C. §§ 206 and/or 207.

5. The amount hereby found due to Defendant's employees for the period from November 13, 2017, through February 26, 2018, is $234,168.88 to 41 employees of which amount Defendant shall pay $66,168.88 as set forth in the attached Exhibit A.

The Secretary shall distribute the funds to Defendant's employees. Any funds which are not so paid within three years because of inability to locate the proper persons or their refusal to accept it shall be deposited into the U.S. Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(C);

6. Within seven days of entry of this Judgment Defendant shall institute a Code of Conduct with the following provisions:

 a. Defendant shall comply with the Fair Labor Standards Act and state wage provisions. This means that Defendant must pay its employees at least the required minimum wage rate and an overtime rate of time and one half the employee's regular rate for all hours worked over 40 in a workweek.

 b. Defendant shall provide a safe work environment, in compliance with applicable health and safety codes.

c. Defendant shall maintain a time keeping system that accurately records the hours worked by its employees.

d. Defendant's employees shall clock in their start time and end time each day and must record their own hours. Defendant shall not clock in for employees.

e. Defendant may pay employees on a piece rate basis, but if they are paid in this manner, Defendant shall review the employee's wages weekly to ensure that the employee is being paid the minimum wage required by the FLSA for the employee's hours worked. If the piece rate earnings do not equal the minimum wage for 40 hours, the Defendant shall make up the difference.

f. For each employee paid on a piece rate basis Defendant shall maintain on its premises the piece tickets on which the employee's pay is based for a period of two years.

g. For each employee paid in cash, Defendant shall maintain on its premises cash pay records for a period of two years.

h. All employees who work in excess of 40 hours per week are entitled to be paid an overtime rate of time and one half their regular rate for the hours over 40. To pay overtime, Defendant must add up the employee's weekly earnings and divide that number by the number of hours worked to get the employee's regular rate. Defendant shall pay the employee one half of the employee's regular rate for the hours over 40, in addition to the piece rate earnings. The attached Exhibit B contains examples of minimum wage and overtime calculations;

i. Defendant shall maintain a record of the employee hours worked and the amounts paid. Defendant shall provide copies of these records to all manufacturers it is doing business with, through the manufacturer's monitor or directly to the manufacturer, on at least a monthly basis.

k. Defendant shall inform any manufacturer it is doing business with immediately whenever Defendant is unable to meet any requirement of the FLSA;

l. Defendant shall cooperate with all monitors employed by manufacturers it is

doing business with.

  m. Defendant shall maintain a valid garment registration.

  7. On at least an annual basis, Defendant shall hire an independent third party to conduct training as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements. All supervisors as well as the individuals who determine the employees pay or schedules or who prepare payroll shall attend this training. Defendant shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request. This provision shall be in effect for a period of four years from the date entry of this Judgment by the Court.

  8. Defendant, directly or through agents, employees, associates, friends or relatives, shall not in any way demand, require or accept any of the back wages due under this Judgment from any employee.  Defendant cannot threaten or imply that adverse action will be taken against any employee because of his /her receipt of funds due under this Judgment.  Defendant understands and agrees that demanding or accepting any of the wages due under this Judgment or threatening any employee for accepting money due under this Judgment is specifically prohibited by this Judgment;

  9. Within 30 days of entry of this Judgment Defendant shall distribute a copy of Exhibits B (regarding overtime calculations) and C (which summarizes terms of this Judgment and the employees' rights under the FLSA) to each of its current employees in the employee's native language, provide copies to all new hires, and post a copy at each of its establishments; and it is further

  ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

  ORDERED that this Court retains jurisdiction of this action for purposes of en-

forcing compliance with the terms of this Consent Judgment.

SO ORDERED.

Dated: \_\_\_\_May 8_____, 2018 _____*S. James Otero*_____
U.S. DISTRICT COURT JUDGE

The defendant HDK Avenue, Inc., hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

By: _____  4-19-2018
HAE DEUK KIM              Date

Its: _____OWEN_____


Attorneys for the Defendant


_____  4-30-18
CHRISTINE HAM,             Date
HAM & ASSOCIATES, APLC

For the Plaintiff:

M. KATE O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Counsel for FLSA


 /s/ Cheryl L. Adams
CHERYL L. ADAMS, Attorney                                    Date: May 2, 2018
Attorneys for the Plaintiff,
Secretary of Labor, U.S. Department of Labor

<u>Exhibit A</u>

Installment Payment Plan:

| Date Due | Amount Due |
|---|---|
| May 30th, 2018 | $16,542.22 |
| June 30th, 2018 | $4,135.56 |
| July 30th, 2018 | $4,135.56 |
| August 30th, 2018 | $4,135.56 |
| September 30th, 2018 | $4,135.56 |
| October 30th, 2018 | $4,135.56 |
| November 30th, 2018 | $4,135.56 |
| December 30th, 2018 | $4,135.56 |
| January 30th, 2019 | $4,135.56 |
| February 30th, 2019 | $4,135.56 |
| March 30th, 2019 | $4,135.56 |
| April 30th, 2019 | $4,135.56 |
| May 30th, 2019 | $4,135.50 |

Exhibit B

Computing minimum wage and overtime on piecework:

**Example 1:**

Employee A produced $200 in piecework and worked 40 hours

    $200 / 40 hours = $5.00 per hour

    Difference = $11.00 (Calif. Minimum Wage) - $5.00 = $6.00 per hour (underpaid)

*$6.00 per hour x 40 hours = $240.00 minimum wage due*

**Example 2:**

Employee B produced $550.00 in piecework and worked 50 hours

    $550/ 50 hours = $11.000 per hour

    $11.00 per hour x 0.5 (half time) = $5.50 per hour due for OT hours

*$5.50 x 10 hours = $55.00 in overtime premium due*

**Example 3:**

Employee C produced $365.00 in piecework and worked 50 hours

    $365 / 50 hours = $7.30 per hour

    Difference in Reg. Rate = $11.00 (State minimum wage) - $7.30 = $3.70 per hour

    $3.70 x 50 hours = $185.00 in regular rate due

    $11.00 x 0.5 (half time) x 10 hours of OT = $55.00 in overtime premium due

**Total Due: $185.00 in regular rate and $55.00 in overtime premium - $240.00**

Footnote: The employer must use either the state minimum wage, or the minimum wage applicable to the locality where the work is performed as the regular rate, whichever is higher. For example, the California minimum wage is currently at $11.00 while Los Angeles County's is $12.00, the employer must use the $12.00 rate as the regular rate.

## Exhibit B

**Como computar el sueldo mínimo y el tiempo y medio (overtime) para los trabajadores que ganan por pieza.**

**Ejemplo No. 1:**

El empleado A hizo $200.00 en trabajo de piezas y trabajo 40 horas.

- $200.00 / 40 horas = $5.00 por hora
- La diferencia es: $11.00 (sueldo mínimo por hora en California) - $5.00 = $6.00 por hora. $6.00 por hora es lo que se le debe a esta persona.

**Total: $6.00 por hora x 40 horas = $240.00 que se le debe al empleado por sueldo mínimo.**

**Ejemplo No. 2:**

El empleado B hizo $550.00 en trabajo de piezas y trabajo 50 horas.

- $550.00 / 50 horas = $11.00 por hora
- $11.00 por hora **x** 0.5 (la mitad) = $5.50 que se debe por hora por cada hora de tiempo extra (overtime).
- **Total: $5.50 por hora x 10 horas = $55.00 que se le debe al empleado por tiempo extra (overtime).**

**Ejemplo No. 3:**

El empleado C hizo $365.00 en trabajo de piezas y trabajo 50 horas.

- $365.00 / 50 horas = $7.30 por hora
- La diferencia en Salario Regular es: $11.00 (sueldo mínimo por hora en California) - $7.30 = $3.70 que se le debe al empleado por cada hora $3.70 x 50 horas = $185.00 es lo que se debe en Salario Regular.
- $11.00 por hora **x** 0.5 (la mitad) **x** 10 horas extras (overtime) = $55.00 que se le debe al empleado por tiempo extra (overtime).
- **Total: $185.00 en Salario Regular y $55.00 por tiempo extra (overtime) = $240.00.**

Note: El empleador debe usar el sueldo minimo estatal, o el salario minimo applicable a la localidad donde se realiza el trabajo como el salario regular, el que sea mas alto. Por ejemplo, el sueldo minimo de California es $11.00 por hora, ye del Condado de Los Angeles es $12.00 por hora, el empleador debe usar el sueldo de $12.00 por hora para el salario regular.

## 증거서류 B

작업량에 따라 최소임금과 오버타임을 계산하는 방법은 다음과 같습니다.

**예시1:**

직원A는 40시간을 일하여 $ 200 만큼의 작업량을 달성했습니다.

$ 200 을 40시간으로 나누면, 200 / 40 = 시간당 $ 5이 됩니다.

$ 11.00 (캘리포니아 주 시간당 최소임금) - $ 5.00 = 시간당 $6.00 만큼 임금을 받지 못한 것입니다.

**따라서 시간당 임금차이 $ 6.00 *x* 40 시간 = $ 240 의 미지불임금을 받을 수 있습니다.**

**예시 2:**

직원 B는 50시간을 일하여 $ 550 만큼의 작업량을 달성했습니다.

$ 550 을 50시간으로 나누면 $550/50 = 시간당 $11,.000 이 됩니다.

초과수당 시급은 시간당 $ 11.00 *x* 0.5 (해프타임) = 시간당 $ 5.50 입니다.

**따라서 오버타임 임금으로 $ 5.50 *x* 10 시간 = $ 55.00 을 지급 받을 수 있습니다.**

**예시 3:**

직원 C는 50시간을 일하여 $ 365 만큼의 작업량을 달성했습니다.

$ 365 을 50시간으로 나누면 365 / 50 = 시간당 $ 7.30 이 됩니다.

정규 시급 차이는 $ 11.00 (캘리포니아 주 시간당 최소임금) - $ 7.30 = 시간당 $ 3.70 입니다.

$ 3.70 x 50 시간 = $185.00 의 정규 임금이 더 지불되어야 합니다.

$ 11.00 x 0.5 (해프타임) *x* 오버타임 10시간 = $ 55.00 의 오버타임 임금이 지불되어야 합니다 .

**따라서 $ 185.00의 정규 임금과 $ 55.00의 오버타임 임금을 합쳐 총액 $ 240.00의**

미지불임금을 받을 수 있습니다.

    Footnote: 고용주는 해당 작업이 수행되는 지역에 적용되는 최저 임금과 주 최저 임금 중에서 더 높은 쪽을 사용해야 한다. 지방 자치당국이 주 보다 높은 최저 임금을 받는 경우, 즉 캘리포니아 주의 최저 임금은 현재 $11.00달러이고, 로스 앤젤레스 카운티는 $12.00달러인 경우, 고용주는 정규 임금으로 $12달러 로 사용해야 한다.

Exhibit C

# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **HDK Avenue, Inc.**, a garment contractor, from shipping goods on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.

All employees who work in this establishment should report violations of minimum wage and overtime to the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375. Your name will not be disclosed.

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

La Ley de **Norma Justas de Trabajo** determina que se les debe pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen. A la vez, también estipula que cada empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada. Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague prima sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **HDK Avenue, Inc.**, una fábrica de ropa, de enviar la producción de etiquetas a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la **Ley de Norma Justas de Trabajo**.

Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llama al Departamento del Trabajo de los Estados Unidos, División de Horas y Salarios al (213) 894-6375. Su nombre se mantendrá confidencial.

# 모든 직원에게 법적 공지문

미연방의 공정 근로 기준법은 모든 직원들이 노동 시간에 따라 최소 임금을 받을 수있도록 규정하고 있습니다.

그리고 또한, 일주일에 40시간 이상 근무하였을때 초과 시간에 1.5배의 오버타임 (초과 근무 수당) 임금을 지급하게 규정하고 있습니다.

모든 직원은 40시간 초과 근무했을 때, 시간제 임금을 받거나 생산 성과에 따라 임금을 받는것에 상관없이 초과 근무 수당을 지급받을 수 있습니다.

노동청이 제소한 소송을 해결하기 위해 미 연방 지역 법원은 공정 근로 기준법에 의해 의무화된 최소 임금이나 초과 근무 수당을 직원에게 지불하지 않은 물품을 의류 제조 업체인 **HDK Avenue, Inc.** 가 발송하지 못하게 명령하였습니다.


아니면, 미연방 노동청, 임금과 시간 부처로 (213) 894-6375 전화 하십시요.

당신의 이름은 비밀로 보장됩니다.